"Chief Justice Robertson
delivered the Opinion of the Court.
“Sneed, Anderson and Co.” having sold tobacco, which had been consigned’to them by Kelly, to sell as eommission merchants, and “Anderson, Duncan and Co.” composed of the same persons who constituted the firm of «Sneed, Anderson and Co.” having written to Kelly, that his tobacco had been sold, and -that there remained a balance of abouhaJiundred'and sixty dollars in his favor, which they would pay to his order — he, afterwards, ¿rew 0n “Sneed, Anderson and Co.” for the amount thus stated as the true balance, and’they protested the order; an<i thereupon, Kelly having died, his executor brought an action of assumpsit against “Sneed, Anderson and Co.” and upon the trial, recovered a judgment for the whole amount of the balance,as stated in'the letter, and iegai interest ther.eom. To -reverse that judgment, this appeal is prosecuted.
The 'first objection urged against the judgment, by the counsel for the appellants, is, that an acknowledgment by 11 Anderson, Duncan and Co.” was no evidence against “Sneed, Anderson and Co.” But this objection is, in -our judgment, more specious thafi-solid. “Anderson, Duncan and Co.” being, in fact,'“Sneed, Anderson and Co.” their letter-was prima facie evidence against the appellants.
*539 But the next objection is entitled to more effect. After the appellants had proved facts tending to show, that the stated balance had not been collected from the purchaser, and that the letter was written under a belief that the whole amount of sales had been received, and also, that it was the custom to sell on credit, and pay only when the amount of sale had been collected, unless the consignees had guarantied the sale, or otherwise been restricted, which does not appear to have been the case here, — the Circuit Judge excluded all this evidence, and instructed the jury to find, against the appellants, the amount of the balance as stated in the letter.
In this, we think, the Circuit Judge erred. If, according to the tendency of the excluded evidence, the consignment was not del credere, but general and customary, and the custom of merchants at the place of sale was a's stated, and the letter was written on the erroneous belief, that the whole amount of sales had been collected — the jury might have found for the appellants, if, also, they had believed, as they might have done, that they would not have- assumed to pay, had they known that the balance, which was assumed, had not been collected; for there is no proof that the drawee of the order had seen the letter, or took the order, as a bill of exchange, on the faith of the promised acceptance.
Wherefore, as the jury had a right to consider the evidence, and determine as to its proper effect, the Court erred in rejecting it, and in peremptorily instructing them to find for the appellee. And therefore, the judgment must be reversed, and the cause remanded for a new trial.